CHRISTOPHER J. CHRISTIE    **Electronically filed.**
United States Attorney
By: LEAH A. BYNON
970 Broad Street
Newark, New Jersey 07102
(973) 645-2736
leah.bynon@usdoj.gov
LB 0321

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| BRIAN S. FELLNER | : | HON. WILLIAM C. CONNER |
| Plaintiff, | : | Civil Action No.08-0013 (WCC)(MDF) |
| v. | : | <u>ANSWER OF UNITED STATES</u> |
| UNITED STATES OF AMERICA | : | |
| Defendant. | : | |

Defendant, United States, by and through its attorneys, Christopher J. Christie, United States Attorney for the District of New Jersey, and Leah A. Bynon, Assistant United States Attorney, answers the Complaint upon information and belief as follows. All assertions not specifically admitted are denied.

1. The allegations contained in paragraph "1" are statements of jurisdiction or conclusions of law to which no response is required. To the extent a response is required, defendant admits that plaintiff purports to invoke the jurisdiction of this court as set forth therein.

2. Denies the allegations contained in paragraph "2" of the complaint for lack of information or knowledge sufficient to form a belief as to the truth thereof.

3. Admits that the Postal Service owns a post office building located at 560 Huyler Street in South Hackensack, New Jersey; denies the remainder of the allegations

1

contained in paragraph "3" of the complaint.

4. The allegations contained in paragraph "4" are conclusions of law to which no response is required. To the extent that they may be deemed allegations of fact, they are denied.

5. Denies the allegations contained in paragraph "5" of the complaint.

6. Denies the allegations contained in paragraph "6" of the complaint.

7. Admits that plaintiff fell and denies the remainder of the allegations contained in paragraph "7" of the complaint.

8. Denies the allegations contained in paragraph "8" of the complaint.

9. Denies the allegations contained in paragraph "9" of the complaint.

10. Denies the allegations contained in paragraph "10" of the complaint for lack of information or knowledge sufficient to form a belief as to the truth thereof.

11. Denies the allegations contained in paragraph "11" of the complaint.

12. Admits the allegations contained in paragraph "12" of the complaint to the extent that a document purporting to be an administrative claim was filed with the United States Postal Service, dated February 15, 2007 seeking a sum of Two Million Dollars.

13. Admits the allegations contained in paragraph "13" of the complaint but avers that the letter was sent using certified mail.

14. Denies the allegations contained in paragraph "14" of the complaint.

**AFFIRMATIVE DEFENSES**

## FIRST DEFENSE

This court does not have jurisdiction over defendant as plaintiff failed to effectuate proper service.

## SECOND DEFENSE

To the extent that plaintiff may have been negligent, his recovery should be reduced by an amount reflective of his comparative negligence.

## THIRD DEFENSE

Plaintiff's injuries, if any, were sustained without any negligence or fault or want of care on the part of the defendant.

## FOURTH DEFENSE

The total amount plaintiff recovers from the defendant may not exceed the total amount stated in his administrative claim. 28 U.S.C. § 2675(b).

## FIFTH DEFENSE

Any and all risks, hazards, defects and dangers alleged are of an open, obvious and apparent nature and inherent and known or should have been known to the plaintiff herein, and the plaintiff willingly and voluntarily assumed all such risks, hazards, defects and dangers. If it is determined that the plaintiff assumed the risk, this answering defendant pleads such facts in diminution of damages in the proportion which the culpable conduct attributable to the plaintiff bears to the culpable conduct, which caused the claimed damages.

## SIXTH DEFENSE

Defendant United States of America is not liable for interest prior to judgment. 28 U.S.C. § 2674.

## SEVENTH DEFENSE

Plaintiff's claims are subject to, and limited by, the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671, et seq.

## EIGHTH DEFENSE

Any damages recoverable against defendant shall be decreased by the amounts recovered from collateral sources.

## NINTH DEFENSE

Any past or future costs or expenses incurred or to be incurred by the plaintiff for medical care, dental care, custodial care, or rehabilitative services, loss of earnings, or other economic loss, has been or will, with reasonable certainty, be replaced or indemnified in whole or in part from a collateral source.

## TENTH DEFENSE

The United States was not the cause in fact or proximate cause of any injury to plaintiff.

## ELEVENTH DEFENSE

Venue is proper in the District of New Jersey pursuant to U.S.C. § 1404(a).

**WHEREFORE** Defendant United States of America demands judgment

in its favor, together with costs and any other relief that the Court may deem just and proper.

March 14, 2008

                                              CHRISTOPHER J. CHRISTIE
                                              United States Attorney

                      By:             S/leah Bynon
                             LEAH A. BYNON    (LB0321)
                             Assistant U.S. Attorney

TO:    Somer & Hellner (BY FIRST CLASS MAIL and ECF)
         2171 Jericho Turnkpike, Suite 350
         Commack, New York 11725
         (Attorney for Plaintiff)