UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
BRIAN FELLNER and CHRISTINE FELLNER,

              Plaintiffs,

           v.

UNITED STATES OF AMERICA,

              Defendant.
------------------------------------------------------------ x

**ECF CASE**

**ANSWER TO AMENDED COMPLAINT**

08 Civ. 0013 (WCC) (MDF)

      Defendant United States of America, by its attorney Michael J. Garcia, United States Attorney for the Southern District of New York, answers the complaint on information and belief as follows:

      1. The allegations set forth in paragraph 1 of the complaint are statements of jurisdiction or conclusions of law to which no response is required.

      2. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the complaint.

      3. Defendant admits that there is a Post Office building located at 560 Huyler Street, South Hackensack, New Jersey.  Defendant denies the remainder of the allegations in paragraph 3 of the complaint.

      4. The allegations set forth in paragraph 4 of the complaint are conclusions of law to which no response is required.  To the extent paragraph 4 contains allegations of fact, the allegations are denied.

      5. Defendant denies the allegations in paragraph 5 of the complaint.

      6. Defendant denies the allegations in paragraph 6 of the complaint.

      7. Defendant admits that plaintiff fell.  Defendant denies the remainder of the allegations

in paragraph 7 of the complaint.

    8.  Defendant denies the allegations in paragraph 8 of the complaint.

    9.  Defendant denies the allegations in paragraph 9 of the complaint.

    10. Defendant denies the allegations in paragraph 10 of the complaint.

    11.  Defendant denies the allegations in paragraph 11 of the complaint.

    12.  Defendant admits that a document purporting to be an administrative claim was filed with the United States Postal Service, dated February 15, 2007, seeking two million dollars.

    13.  Defendant admits the allegations contained in paragraph 13 of the complaint but avers that the letter was sent via certified mail.

    14.  Defendant admits that plaintiff Brian Fellner purports to demand judgment against the United States.

    15.  In response to paragraph 15 of the complaint, Defendant repeats and reiterates its responses to paragraphs 1 through 14 of the complaint.

    16.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the complaint.

    17.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the complaint, except denies that damages to Cheryl Fellner were the result of defendant's alleged negligence.

    18.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the complaint, except denies that damages to Cheryl Fellner were the result of defendant's alleged negligence.

    19.  Defendant denies the allegations contained in paragraph 19 of the complaint.

20. Defendant admits that a document purporting to be an administrative claim was filed with the United States Postal Service, dated December 14, 2007, seeking five hundred thousand dollars.

21. Defendant admits the allegations in paragraph 21 of the complaint.

22. Paragraph 22 contains plaintiffs' prayer for relief, to which no response is required.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs' claims are subject to, and limited by, the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*.

### SECOND DEFENSE

The injuries or damages, or both, alleged in the complaint were not proximately caused by a negligent act or omission of any employee of the United States acting within the scope and course of employment.

### THIRD DEFENSE

Neither the United States nor any of its agents or employees were negligent in any manner nor violated any duty of care owed to Plaintiffs.

### FOURTH DEFENSE

In the event Defendant is found negligent, which negligence Defendant denies, such negligence is not the cause of fact or proximate cause of alleged damages suffered by Plaintiffs.

### FIFTH DEFENSE

In the event Defendant is found to be negligent, which negligence Defendant denies, the negligence of Plaintiffs contributed to Plaintiffs' injuries and any recovery must be

proportionately reduced.

**FIFTH DEFENSE**

Defendant is not liable for interest prior to judgment or punitive damages.  28 U.S.C. § 2674.

**SIXTH DEFENSE**

Plaintiffs were guilty of culpable conduct in total diminution of their claim for damages.

**SEVENTH DEFENSE**

Plaintiffs have no right to a jury trial.  28 U.S.C. § 2402.

**EIGHTH DEFENSE**

Any recovery by Plaintiffs is subject to the availability of appropriated funds.  42 U.S.C. § 233(k).

**NINTH DEFENSE**

Plaintiffs' damages are limited by the amount set forth in their administrative claims.  28 U.S.C. § 2675(b).

**TENTH DEFENSE**

Defendant asserts that it has, or may have, additional affirmative defenses that are not known to defendant at this time, but which may be ascertained through discovery.  Defendant specifically preserves these and other affirmative defenses as they are ascertained through discovery.

**ELEVENTH DEFENSE**

Attorneys' fees taken out of the judgment or settlement are governed by statute.  28

U.S.C. § 2678.

**WHEREFORE**, defendant demands judgment dismissing the complaint and such further relief as the Court deems just and proper, including costs.

Dated: New York, New York
       August 27, 2008

                                          MICHAEL J. GARCIA
                                          United States Attorney for the
                                          Southern District of New York

                                By:   /s/ David Bober
                                          DAVID BOBER
                                          Assistant United States Attorney
                                          86 Chambers Street, 3rd Floor
                                          New York, NY  10007
                                          (212) 637-2718
                                          david.bober@usdoj.gov

To:   Somer & Heller
       2171 Jericho Turnpike, Suite 350
       Commack, NY 11725